IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIK PETERSON,

                Plaintiff,             ORDER

v.

                                   15-cv-49-jdp

MICHAEL MEISNER, LON BECHER,
TIMOTHY CASIANA, NATHAN PRESTON
TRACY KOPFHAMER, BENJAMIN NEUMAIER,
SCOTT ROYCE, TRAVIS HAAG, DALIA SULIENE,
MELISSA THORNE, NURSE EMILY, KAREN ANDERSON,
JOANNE LANE, DEIRDRE MORGAN, CHARLES COLE,
DENNIS SCHUH, CHARLES FACKTOR,
DENNIS RICHARDS and ALEXANDER AGNEW[1],

                Defendants.

---

In an order entered on May 4, 2016, plaintiff Erik Peterson was granted leave to proceed *in forma pauperis* against defendants Dennis Schuh, Charles Cole, Timothy Casiana, Michael Meisner, Travis Haag, Karen Anderson, Joanne Lane, Nurse Emily, Nathan Preston, Deirdne Morgan, Tracy Kopfhamer, Dalia Suliene, Scott Royce, Melissa Thorne, Lon Becher, Dennis Richards, Benjamin Neumaier, Charles Facktor and Alexander Agnew. The May 4, 2016, order also directed the United States Marshal to serve defendants Agnew and Richards. The Attorney General's office has accepted service of plaintiff's complaint on behalf all State defendants, except defendants Nurse Emily and Cole.

---

[1] I have amended the caption to replace Lon Becker with the name Lon Becher; Haag with the name Travis Haag; Kopfhamer with the name Tracy Kopfhamer; Neumaier with the name Benjamin Neumaier; Royce with the name Scott Royce; and Thorne with the name Melissa Thorne as identified in the Acceptance of Service.

Although the Attorney General's office has indicated that it cannot identify defendant Nurse Emily, plaintiff may be able to provide further information about Nurse Emily which will allow her to be served later in this case. Even though plaintiff does not know the full name of Nurse Emily, "when the substance of a pro se civil rights complaint indicates the existence of claims against individual officials not named in the caption of the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint." *Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 555 (7th Cir. 1996). Magistrate Judge Stephen Crocker will discuss with the parties, at the soon-to-be-scheduled preliminary pretrial conference, the most efficient way to obtain the identification of this defendant, and will set a deadline for plaintiff to amend his complaint to include this defendant.

Regarding defendant Cole, the Attorney General's office has not accepted service on his behalf because he is deceased. Federal Rule of Civil Procedure 25(a)(1) sets forth the procedure that must be followed when a party to a lawsuit dies:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

If no motion is filed by **August 10, 2016**, defendant Cole will be dismissed.

The Attorney General's office has agreed to accept electronic service of documents on behalf of the defendants it represents through the court's electronic filing system. This means that for the remainder of this lawsuit, plaintiff does not have to send a paper copy of each document filed with the court to the Attorney General's office or defendants Schuh, Casiana, Meisner, Haag, Anderson, Lane, Preston, Morgan, Kopfhamer, Suliene, Royce, Thorne, Becher, Neumaier and Facktor. If the identity of defendant Nurse Emily is

ascertained, the Attorney General's Office will decide whether to accept electronic service on her behalf.

Because the Attorney General's office is not representing defendants Richards and Agnew, plaintiff must send paper copies of each document filed with the court to defendants Richards and Agnew, or their attorney(s). Discovery requests or responses are an exception to the electronic service rule. Usually, those documents should be sent directly to counsel for the opposing party and do not have to be sent to the court. Discovery procedures will be explained more fully at the preliminary pretrial conference.

## ORDER

IT IS ORDERED that if no party moves to substitute defendant Charles Cole's estate as a defendant by **August 10, 2016**, defendant Cole will be dismissed from the case.

Entered this 17th day of May, 2016.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge

3