IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERICK PETERSON,

                  Plaintiff,

  v.

MICHAEL MEISNER, JANEL NICKEL,
LON BECHER, TIMOTHY CASIANA, BLOUNT,
NATHAN PRESTON, TRACY KOPFHAMER,         OPINION & ORDER
BENJAMIN NEUMAIER, SCOTT ROYCE,
TRAVIS HAAG, HAUTAMAKI, DALIA SULIENE,         15-cv-49-jdp
MELISSA THORNE, EMILY, KAREN ANDERSON,
JOANNE LANE, CINDY FRANCOIS,
CINDY O'DONNELL, DEIRDNE MORGAN,
DENNIS SCHUH, CHARLES FACKTOR,
DENNIS RICHARDS, and ALEXANDER AGNEW,

                  Defendants.

---

      Pro se plaintiff Erick Peterson is a prisoner in the custody of the Wisconsin Department of Corrections (DOC), currently housed at the Green Bay Correctional Institution. On May 4, 2016, I granted Peterson leave to proceed on many of his claims against various defendants. Dkt. 9, at 15. But I identified problems with two of his claims under Federal Rule of Civil Procedure 8. I allowed Peterson the opportunity to supplement his complaint with additional allegations.

      Pursuant to my order, Peterson filed a supplemental complaint. Dkt. 17. After reviewing Peterson's supplemental allegations, I granted Peterson leave to proceed on an Eighth Amendment conditions of confinement claim against defendant Timothy Casiana, and on a Fourteenth Amendment due process claim against defendants Janel Nickel, Blount, Hautamaki, Michael Meisner, Cindy Francois, Charles Facktor, and Cindy O'Donnell, but I

denied Peterson leave to proceed on a Fourteenth Amendment due process claim against defendant Mary Leiser. Dkt. 25.

Now the state defendants—Meisner, Nickel, Becher, Casiana, Blount, Preston, Kopfhamer, Neumaier, Royce, Haag, Hautamaki, Suliene, Thorne, Anderson, Lane, Francois, O'Donnell, Morgan, Schuh, and Facktor—have moved for partial summary judgment for Peterson's failure to exhaust his administrate remedies. Dkt. 39. The state defendants move for judgment on Peterson's conditions of confinement claim and improper strip search claim. *Id.* Because Peterson has not exhausted his administrative remedies with respect to those claims, I will grant the state defendants' motion.

Peterson has also filed an amended complaint, Dkt. 44, which I will accept as the operative pleading.

BACKGROUND

I have recounted the relevant factual allegations in previous orders, Dkt. 9 and Dkt. 25, and I will not restate them here. Only two of Peterson's claims are at issue here: his conditions of confinement claim and his improper strip search claim.

Peterson alleges that following a brutal assault and an improper strip search, defendant Timothy Casiana, a Columbia Correctional Institution captain, ordered that Peterson be kept in a cell without bedding, clothing, or running water. Dkt. 17, at 9-10. Pursuant to defendant Casiana's orders, Peterson spent three days in these conditions. I granted Peterson leave to proceed on an Eighth Amendment conditions of confinement claim against defendant Casiana, Dkt. 25, and I granted Peterson leave to proceed on an Eighth

Amendment improper strip search claim against defendants Casiana, Kopfhamer, Royce, and Neumaier. Dkt. 9.

## ANALYSIS

### A. Failure to exhaust administrative remedies

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The administrative exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits," *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Its purpose is not to protect defendants but to give prison officials an opportunity to resolve complaints without judicial intervention. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537-38 (7th Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation").

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. However, "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The DOC's Inmate Complaint Review System requires inmates to "file an inmate complaint clearly identifying the issue to be exhausted . . . within 14 days of the occurrence giving rise to the complaint." Dkt. 42, ¶ 4 (citing Wis. Admin. Code DOC § 310.09(1)(e), (6)). The institution complaint examiner (ICE) may reject any complaint submitted "beyond 14 calendar days from the date of the occurrence giving rise to the complaint [that does not provide] good cause for the ICE to extend the time limits." Wis. Admin. Code DOC § 310.11(5)(d).

Here, the state defendants state that Peterson: (1) did not file *any* inmate complaint regarding the improper strip search; and (2) filed two *untimely* inmate complaints regarding the conditions of confinement. As a result, Peterson has not exhausted his administrative remedies with respect to these claims. Christine Preston, director of the DOC's Prison Rape Elimination Act (PREA) Office, represents that the DOC "accepts allegations of [sexual] misconduct in many forms, including verbally to staff, in writing, through filing a grievance, through internal and external hotlines, anonymously, and from any third party on behalf of an inmate." Dkt. 41, ¶ 4. Preston represents that the PREA Office has no record of any allegation by Peterson regarding sexual harassment or abuse by DOC staff on or around July 24, 2012. *Id.* ¶ 7. With respect to Peterson's conditions of confinement claim, DOC records confirm that he filed two untimely complaints: one on September 7, 2012, Dkt. 42-2, and one on December 27, 2012, Dkt. 42-3. The complaint examiner rejected each as untimely. Dkt. 42-2, at 2 and Dkt. 42-3, at 2.

Clearly failing to file *any* inmate complaint is a failure to exhaust administrative remedies, and failing to file a *timely* complaint also constitutes a failure to exhaust. *See Pozo*, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the

4

place, and at the time, the prison's administrative rules require. Pozo filed a timely and sufficient complaint but did not file a timely appeal. He therefore failed to exhaust his administrative remedies[.]"). Peterson concedes that he did not exhaust his administrative remedies with respect to these claims. Dkt. 43. I must dismiss Peterson's conditions of confinement and improper strip search claims.

B.  **Proposed amended complaint**

Peterson has also filed a proposed amended complaint. Dkt. 44. Two defendants—Richards and Agnew—contend that I should not allow Peterson to amend at this time, summarily arguing that the amendments are "unnecessary and futile." Dkt. 46, at 1. But defendants overlook the fact that I ordered Peterson to amend his complaint with the name of the Doe defendant, Nurse Emily, by September 26, 2016. Dkt. 36. Peterson's amended complaint complies with that order: it identifies "Emily Steele" as a defendant. Aside from identifying Nurse Emily, Peterson's amended complaint does not differ significantly from his supplemental complaint at Dkt. 17. In fact, the two documents appear to be nearly identical. Accordingly, I will accept Peterson's amended complaint, Dkt. 44, as his operative pleading, with two exceptions. First, the amended complaint names three individuals as defendants—Mary Leiser, C.O. Morgan, and Charles Cole—whom I have already dismissed from the case. *See* Dkt. 9; Dkt. 25; Dkt. 38. For reasons explained in previous orders, I will not allow Peterson to proceed against these individuals. Second, because Peterson has not exhausted his administrative remedies with respect to his conditions of confinement claim and his improper strip search claim, those claims are no longer viable. And I will note that my previous orders granting Peterson leave to proceed, Dkt. 9 and Dkt. 25, articulate the claims at issue in this case. The amended complaint does not add any additional claims.

ORDER

IT IS ORDERED that:

1. The state defendants' motion for partial summary judgment for failure to exhaust, Dkt. 39, is GRANTED.

2. Plaintiff Erick Peterson's conditions of confinement claim and improper strip search claim are DISMISSED without prejudice for failure to exhaust administrative remedies.

3. Plaintiff's proposed amended complaint, Dkt. 44, is accepted as the operative pleading.

Entered October 27, 2016.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge