IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERICK PETERSON,

               Plaintiff,

v.

TIMOTHY CASIANA, TRACY KOPFHAMER, BENJAMIN NEUMAIER, SCOTT ROYCE, TRAVIS HAAG, DALIA SULIENE, and MELISSA THORNE,

               Defendants.

ORDER

15-cv-49-jdp

---

Pro se plaintiff and prisoner Erick Peterson is proceeding on three claims:

1. Defendants Timothy Casiana, Travis Haag, Tracy Kopfhamer, Scott Royce, and Benjamin Neumaier used excessive force against Peterson in the context of a cell extraction on July 24, 2012;

2. Defendant Haag used excessive force against Peterson and prevented him from obtaining medical care during his July 24, 2012 examination, and defendants Casiana, Kopfhamer, Royce, Neumaier, and Melissa Thorne failed to intervene; and

3. Defendant Dalia Suliene denied Peterson medical treatment at the August 30, 2012 appointment and delayed treatment for his ulnar neuropathy for more than two months.

Trial is scheduled for October 9, 2018. Now Peterson is asking the court to issue subpoenas for 14 incarcerated witnesses and one unincarcerated witness. Dkt. 109.

Defendants say that some of the incarcerated witnesses have been released from prison and defendants object to issuing subpoenas to any unincarcerated witness on the ground that Peterson has not shown that he can pay the witness fee for those individuals. These individuals are: Dr. Buhr, Demetrius Reed, Ryan Olson, Larenzo Conery, Pierre Taylor, Jerome Berry, and Dion Anderson. Peterson does not dispute that all of these individuals are unincarcerated and he does not allege that he can pay the witness fee required by Rule 45(b)(1) of the Federal

Rules of Civil Procedure. Because I cannot waive that fee, even for indigent litigants, *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987), I will deny Peterson's request as to those individuals.

As for most of the other proposed witnesses, Peterson has not shown that they can provide any relevant testimony, as required by this court's procedures. Dkt. 30 (*Procedure for Calling Witnesses to Trial*, II.C.). As for Anton Hudson, Majaido Scholar and Jerry Curry, Peterson says that they were housed in other cells in the same hallway as his cell (where the use of force occurred), but he does not provide any basis for concluding that any of them actually saw or heard any part of the relevant events. He does not say that he saw any of them watching the incident, that any of them told him afterwards that they saw or heard the incident, or even that any of them *could* see or hear from where they were located. Without more information, I decline to issue subpoenas for those prisoners.

As for Shane Gressel, Todd Jones, and Nicholas Aiken, Peterson says that each of them heard him ask defendants for medical treatment after the use of force. But there does not appear to be any dispute as to that issue, so it is not clear why this testimony would be needed. In any event, it is undisputed that defendants took Peterson to the health services unit after the use of force, so testimony that Peterson was asking for medical treatment would not be helpful for any of the claims in this case.

This leaves William Teas and Christopher Goodvine. Peterson says that Teas was housed in an adjacent cell during the incident and he attaches written answers that Teas allegedly provided during prison disciplinary proceedings regarding what he saw and heard. Dkt. 109-1. Peterson says that Goodvine saw defendant Haag using excessive force on Peterson

while being taken off the tier. This is sufficient to show that Teas and Goodvine may be able to give relevant testimony at trial. So I will grant Peterson's motion as to Teas and Goodvine.

Neither Peterson nor defendants identify where Teas and Goodvine are currently housed. But the Wisconsin Department of Corrections' online inmate locator shows that Teas is at the Columbia Correctional Institution and Goodvine is at the Green Bay Correctional Institution, which is where Peterson is housed. I will direct the clerk of court to issue both subpoenas and writs of habeas corpus ad testificandum for those two witnesses.

ORDER

IT IS ORDERED that plaintiff Erick Peterson's motion for issuance of subpoenas, Dkt. 109, is GRANTED as to prisoners William Teas and Christopher Goodvine. The motion is DENIED as to all other proposed witnesses. The clerk of court is directed to issue subpoenas and writs of habeas corpus ad testificandum for Peterson, Teas, and Goodvine. The prisoners should arrive at the courthouse no later than 8:00 a.m. on October 9, 2018.

Entered June 22, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge