IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERICK PETERSON,

                Plaintiff,

v.

TIMOTHY CASIANA, TRACY KOPFHAMER,
BENJAMIN NEUMAIER, SCOTT ROYCE,
TRAVIS HAAG, DALIA SULIENE,
and MELISSA THORNE,

                Defendants.

ORDER

15-cv-49-jdp

---

Pro se plaintiff and former prisoner Erick Peterson is suing several correctional officers, a physician, and a nurse, alleging that the officers used excessive force against him and that the physician and nurse failed to give him adequate medical care. Trial is scheduled for October 9, 2018.

Defendants have moved to dismiss the case for Peterson's failure to prosecute, or, in the alternative, to move the trial to a later date. Dkt. 121. As grounds for their motion, defendants say that Peterson has failed to make himself available for the depositions of two witnesses. When Peterson failed to provide defendants a telephone number where he could be reached, defendants cancelled the depositions, which were initially scheduled for August 17 and then rescheduled for August 31. Defendants say that they no longer have enough time to depose the witnesses before October 9.

As an initial matter, defendants do not explain why they cancelled the depositions instead of going forward without Peterson, which they would have been entitled to do. Regardless, defendants' motion raises a larger question, which is whether the case should be dismissed for Peterson's failure to prosecute.

Defendants say that Peterson "has made it clear that he does not intend to participate in discovery." *Id.* at 3. But they attach an email exchange with Peterson that tells a different story. In the email, Peterson says that he is homeless, is residing at a homeless shelter, and doesn't have access to a telephone. He also says that his parole agent had been ill and unable to assist him. Dkt. 122-3. Defendants do not question the truth of Peterson's email, which is consistent with his statements during the August 3 telephone status conference, held just before Peterson was released from prison. During the conference, Peterson explained that he did not have a place to live after his release and was waiting for housing assistance from the state.

Under these circumstances, it is not clear what Peterson was supposed to do. Defendants do not offer any suggestions and they do not say that they offered to provide any assistance. Regardless, it is simply not accurate to suggest that Peterson has abandoned his claims.

The difficulties that Peterson faces suggest strongly that he is no longer capable of litigating his case on his own. Peterson has filed multiple motions for assistance in recruiting counsel in the past, Dkt. 2 and Dkt. 104, and I denied those motions on the ground that Peterson had demonstrated the necessary legal skills to litigate the case without a lawyer. But Peterson filed those motions while he was still incarcerated and his situation has changed. When considering whether a pro se party is entitled to court assistance in recruiting counsel, the court must consider logistical difficulties that a prisoner faces. For example, in *Santiago v. Walls*, 599 F.3d 749, 762–64 (7th Cir. 2010), the court concluded that the district court abused its discretion in denying a request for counsel in part because the district court failed to consider the fact that the plaintiff had been transferred to a different prison, making it more difficult for him to gather evidence.

Peterson faces even greater logistical challenges than the plaintiff in *Santiago*. At this point, he is fundamentally unable to prosecute this case without assistance. Accordingly, I conclude that it is appropriate to stay the case while the court searches for counsel to represent him at trial.

Because it may take several weeks or even months to find counsel who is willing to represent Peterson, I will strike all pretrial deadlines as well as the trial date. I will reset the deadlines after the court completes its search for counsel. During this time, Peterson should keep the court and defense counsel informed of his current whereabouts. And if he obtains regular access to a telephone, he should provide that number as well, along with any email address that he uses. If he fails to do that, I may reevaluate the decision to recruit counsel and consider whether to dismiss the case after all.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss the case for Peterson's failure to prosecute, or, in the alternative, to move the trial to a later date, Dkt. 121, is GRANTED in part. The trial date and all pretrial deadlines are STRUCK while the court searches for counsel to represent Peterson. The court will reset those deadlines after the search is completed.

2. Peterson must keep the court and defendants informed of his contact information in the meantime. If he fails to do so, his case may be dismissed for failure to prosecute.

Entered August 31, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge

3